UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ROBERT LAFAYETTE, )
 )
   Plaintiff, )
 )
v. ) Case No. 2:23-cv-631
 )
BLUEPRINT BASKETBALL; BYRON )
ROBERTSON; CARA CASWELL; )
VERMONT ELITE; SAM JACKSON, )
 )
   Defendants. )

## ORDER DIRECTING SERVICE OF THE AMENDED COMPLAINT

On December 23, 2023, the court granted self-represented Plaintiff Robert Lafayette's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. His Complaint, however, was dismissed upon review under § 1915(e)(2)(B). *See* Doc. 3. On February 12, 2024, Plaintiff moved for leave to file an Amended Complaint, the motion was granted, and the Amended Complaint against Blueprint Basketball, Byron Robertson, Cara Caswell, Vermont Elite and Sam Jackson was filed. Plaintiff alleges Defendants discriminated against him when they excluded him from places of public accommodation on the basis of, and refused to make reasonable accommodations for, his disability in violation of 42 U.S.C. § 12182(a). Plaintiff also alleges Defendants Blueprint Basketball, Byron Robertson, and Cara Caswell breached a duty of care owed to him as a volunteer assistant coach when they failed to provide a reasonable accommodation for his disability. (Doc. 8.)

If the allegations in the Complaint are substantiated, Plaintiff may have an opportunity to prevail on the merits of this action. The following paragraphs are intended to assist the self-represented litigant by identifying for him certain requirements of this court. Failure to comply with these requirements may result in the dismissal of the Amended Complaint.

Because Plaintiff is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer or lawyers for Defendants a true copy of anything he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed with the court should specifically state that it has been sent to the lawyer or lawyers for Defendants. Plaintiff should keep a true copy of everything he sends to Defendants or the court.

Each party shall keep the court apprised of a current address at all times while the action is pending. Notice of any change of address must be filed promptly with the court and served on other parties.

As this case proceeds, it is possible that Defendants may file a motion for summary judgment. The Second Circuit requires that a self-represented litigant be provided notice "of the nature and consequences of a summary judgment motion." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). In general, a motion for summary judgment made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in the defendant's favor without a trial. This motion will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle him or her to judgment as a matter of law. Failure to contradict those factual assertions may result in the entry of summary judgment against the plaintiff.

To contradict or oppose a defendant's motion for summary judgment, the plaintiff must support his claims with admissible evidence. The plaintiff may do this in one or more of the following ways. Most typically, the plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he believes prove

his claims or counter the defendant's assertions. The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit. Alternatively, the plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows that the plaintiff has personal knowledge of the matters stated, and if the plaintiff calls to the court's attention those parts of the complaint upon which he relies to oppose the defendant's motion. The plaintiff may also rely upon written records but must prove that the records are what he claims they are. Finally, the plaintiff may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding.

Plaintiff should always file a response to a motion by a defendant. In particular, in the event a defendant files a motion for summary judgment, or moves to dismiss the Amended Complaint, Plaintiff's failure to respond may result in the dismissal of the case.

## CONCLUSION

In accordance with the above, it is hereby ORDERED that because Plaintiff Lafayette's application for leave to proceed *in forma pauperis* has been granted and the Amended Complaint has been filed, Plaintiff Lafayette shall not be required to pay the fees for service of the Amended Complaint. Service of process shall be undertaken pursuant to 28 U.S.C. § 1915(d) and, if necessary, shall be effected by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 27th day of March, 2024.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court